HARMON W. HENDRICKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 22609.   Promulgated April 25, 1929.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*R. W. Wilson, Esq.*, for the respondent.

#### OPINION.

GREEN: The petitioner assigns as error the action of the respondent in reducing the income of the estate and increasing his income by the amount of $33,000. He contends that under the statute, the estate has the election as to whether it will claim a deduction for the amount paid to legatees or beneficiaries, and that if no deduction is claimed therefor, the respondent may not include such amount in the income of the legatee or beneficiary. The question comes within the provisions of section 219 of the Revenue Act of 1921, the applicable portion of which reads as follows:

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there

*may* be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216. (Italics supplied.)

The petitioner contends that the word " may " is not mandatory and that, under it, the estate may choose whether or not it will take the deduction. In this instance we think it unnecessary to give detailed consideration to the definitions of the word " may " as they appear in the dictionaries and the decided cases. It appears to us that had it been the purpose of Congress to require the estate to take the deduction, some language would have been used which would have left no doubt as to what was intended. The succeeding paragraph of the same section, in part, reads as follows:

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which the tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, * * *

The deduction here under consideration is one which is " permitted by subdivision (c) to be deducted from the net income upon which the tax is to be paid by the fiduciary " and the statute expressly requires that such amount shall be included in computing the net income of the beneficiary.

The statute requires the amount here in question to be included in the income of the petitioner.

*Judgment will be entered under Rule 50.*